NICHOLS, APPELLEE, v. THE OHIO COLLIERIES CO. ET AL., APPELLANTS.

(No. 473—Decided May 31, 1944.)

*Messrs. Woolley & Rowland* and *Mr. Clyde Elliott,* for appellee.

*Messrs. Chester, Keyser & Stouffer, Messrs. Jones, Jones & Erskine* and *Mr. Roy D. Williams,* for appellants.

GILLEN, J. This appeal upon questions of law is from the judgment of the Court of Common Pleas of Athens county granting plaintiff the right to receive additional compensation and to continue to participate in the state insurance fund.

The petition alleges that on the 18th day of February, 1926, the plaintiff sustained injuries in the course of his employment with The Ohio Collieries Company; that such injuries consisted of a compound fracture of both bones of his right leg between the knee and ankle, fracture of bones in his nose, cuts and lacerations on his head, face and body, a crushing of his chest with fracture of ribs and internal injuries to the lung tissue and pleura and his heart; that as a result of such injuries it became necessary to amputate plaintiff's right foot a few inches above the ankle and thereafter a reamputation was made just below the knee because of an infected stump; and that plaintiff received compensation for the loss of his limb, the last payment being made on September 16, 1929. It is the claim of plaintiff as set forth in his petition that his disability did not cease on September 16, 1929, but that as the direct and proximate result of the injuries sustained on February 18, 1926, and of the complications thereafter arising he has ever since September 16, 1929, suffered a total disability.

Defendants' answer admits that plaintiff suffered certain injuries on February 18, 1926, while in the employ of The Ohio Collieries Company; that he developed a pleurisy in his chest as the result of the accident; and that resection of plaintiff's ribs was necessary as the result thereof. The admission is made also that the last payment of compensation was made on the 16th day of September, 1929. It is the claim of defendants, however, in their answer that plaintiff has been fully compensated for any and all disability resultant from the injury sustained by the plain-

tiff while in the employ of the defendants, and that the Industrial Commission was without jurisdiction to award further compensation for the reason that more than ten years had elapsed since the last payment.

The record discloses that on the 12th day of June, 1939, plaintiff filed with the Industrial Commission a certain written instrument designated thereon "Application for additional compensation beyond the date of last payment." The effect of the filing of this application and the action of the Industrial Commission with respect thereto make up the real issue in the case at bar.

On the 26th day of December, 1939, the commission made the following finding:

"* * * this claim coming on for further consideration of the commission of the application for additional compensation beyond the date of last payment filed by the claimant herein, together with report of special medical examination, and the other proof on file, which matters being duly and fully considered by the commission, it is the finding of the commission that said application is not accompanied by any additional proof which would show he has any disability in excess of that for which he has been previously compensated. It is a further finding that more than ten years have elapsed since date of last payment of compensation. It is, therefore, ordered that the claimant's application for additional compensation beyond date of last payment, filed June 12, 1939, be dismissed."

Application for rehearing of claim was filed on January 9, 1940, and thereafter a departmental employee submitted a written memorandum advising the commission that the findings contained in its order of December 26, 1939, were incorrect. Upon motion of defendants the application for rehearing was dismissed and plaintiff thereafter on the 7th day of June, 1940,

filed an application for a reconsideration of the order made on December 26, 1939.

On the 9th day of December, 1940, the commission made the following order:

"This day, to wit, December 9, 1940, this claim came on for further consideration of the commission, after round table conference and a careful consideration of all the proof of record, the commission orders that the employer's motion filed June 20, 1940, be overruled and the claimant's application for reconsideration of the commission's finding of December 26, 1939, be granted to the following extent:—That the commission now find that the claimant's disability, as a result of the injury in question, resulted in loss of the right foot by amputation, for which he has been heretofore fully compensated; that he has a partial disability as a result of a lung condition which is unrelated to the injury in question. Further compensation is, therefore, denied."

It is strongly urged by defendants that all proceedings before the commission subsequent to the 26th day of December, 1939, were of no effect since the ten-year period had elapsed and the application filed by plaintiff on June 12, 1939, did not constitute an application for modification of award within the meaning of Section 1465-86, General Code.

At the rehearing of this claim the parties entered into the following stipulation:

"That on June 12, 1939, claimant filed an application for modification of award which was heard and compensation denied claimant by the commission on December 26, 1939; that thereafter on July 7, (June), 1940, claimant filed an application for reconsideration of the action of the Industrial Commission and entered December 26, 1939, and said application for modification came on to be further considered by the commission at which time the finding of the commission was as follows: * * *."

It is urged that even though the parties in this stipulation referred to the instrument as an application for modification of award the instrument itself which was offered in evidence shows that it was in fact an application for additional compensation and, therefore, insufficient to extend the jurisdiction of the commission beyond ten years pursuant to the provisions of Section 1465-86, General Code. An examination of the provisions of Section 1465-86, General Code, reveals that prior to July 9, 1931, the commission was authorized to make such modification or change with respect to its former findings or orders as in its opinion might be justified without limitation as to time. This statute was amended in 1931 by the inclusion of a ten-year limitation. The statute as amended was construed by the Supreme Court in the case of *State, ex rel. Boswell,* v. *Industrial Commission,* 125 Ohio St., 341, 181 N. E., 476, the first and second paragraphs of the syllabus of which read as follows:

"1. The provisions of Section 26, General Code, that pending proceedings are not affected by statutory amendments 'unless so expressed' have no application in the construction of Section 1465-86, General Code, as amended in 1931 (114 O. L., 38), since that amendment by its own terms applies to 'any claim whether filed heretofore or hereafter.'

"2. Section 35, Article II of the state Constitution, in authorizing the passage of laws establishing a fund for workmen's compensation, directs that it shall be 'administered by the state, determining the terms and conditions upon which payment shall be made therefrom'; and the power so granted is not modified or restricted by any other provision of the Constitution."

Thereafter the section was further amended by the addition of the following exception:

"Provided further that nothing herein contained shall deprive the commission of its continuing juris-

diction as herein defined to determine the questions raised by any application for modification of award which shall have been filed with the commission after June 1, 1932, and prior to the expiration of such ten years but in respect to which no award shall have been granted or denied during such ten years."

The section was further amended effective August 28, 1939, by the addition of the following exception:

"The commission shall not make any such modification, change, finding or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor which is filed after this act becomes effective. Nothing herein shall be construed to affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten (10) year period provided in this section."

Obviously the ten-year period expired on September 16, 1939, unless the application filed in June of that year was sufficient to meet the requirements of the exception contained in Section 1465-86, General Code. In other words, the jurisdiction of the commission to modify its award could be extended beyond the ten year period only by the filing of an application for modification of award, which was not acted upon, before the expiration of the ten years. This being a jurisdictional question the parties could not by stipulation provide a substitute for the necessity of filing such application. However, a stipulation to the effect that such application had been filed may be sufficient proof of the filing thereof. See *Industrial Commission* v. *Kauffman,* 119 Ohio St., 494, 164 N. E., 510. In the case of *Miles* v. *Electric Auto-Lite Co.,* 133 Ohio St., 613, 15 N. E. (2d), 532, the court, in its opinion on page 616, said:

"If there be questions relating to procedure or jurisdiction, which the defendant wishes to raise, timely objection, by motion or other objection, should be made before the introduction of evidence."

In the instant case it is urged that the trial court was not bound by the stipulation since the original application which was offered in evidence contradicted the admission contained in such stipulation. Under such circumstances we are of the opinion that the trial court had the right to consider all of the evidence in order to ascertain the truth. The fact that the instrument bore the caption "Application for additional compensation beyond the date of last payment" is not necessarily conclusive. The applicant used a regular form provided by the commission and furnished information by filling in blanks in response to certain interrogatories. The character of the application is to be determined from its contents and the nature of the relief sought. In event the commission had granted the relief sought in the application the result would have been the modification of a former award and on the other hand a refusal to grant the relief would have amounted to a refusal to modify the previous award. It is the judgment of this court that the application met the requirements of an application for modification of award within the contemplation of Section 1465-86, General Code, and that the filing thereof extended the jurisdiction of the commission beyond the ten-year period. This being true the jurisdiction of the commission continued until the application was fully considered and acted upon. It has been said in the case of *Kaiser* v. *Industrial Commission,* 136 Ohio St., 440, 26 N. E. (2d), 449, that the filing of an application for compensation within two years tolls the two years jurisdictional statute for all purposes, that the jurisdiction of the commission when once invoked continues for all purposes of the claim until its jurisdic-

tion is exhausted, and that under its general continuing jurisdiction it was the duty of the commission to take cognizance of a claim of disability that had not been originally mentioned in the original application filed and as to which more than two years had elapsed before it was brought to the attention of the commission.

It is apparent that the non-jurisdictional order of the commission of December 26, 1939, was not a final order from which an appeal could be taken. The language in Section 1465-86, General Code, "provided further that nothing herein contained shall deprive the commission of its continuing jurisdiction as herein defined to determine the questions raised by any application for modification of award," certainly is adequate to extend the jurisdiction of the commission for a full and complete consideration and disposition of all questions raised by the filing of such application for modification of award. The order of the commission dated December 26, 1939, found that applicant had no disability other than that for which he had been previously compensated. Obviously this finding did not conform to the evidence on file and to which the attention of the commission had been directed by the application of June 12, 1939. The commission, in the exercise of sound discretion, may make such finding or order as it deems proper and this power includes the right to correct a finding so as to conform to the facts. The order made on December 9, 1940, merely corrected the finding made on December 26, 1939, and did not involve the consideration of any new matter. It was, in effect, a disposition of questions raised in the application for modification of award filed on June 12, 1939. The two orders made by the commission were directed to the same application and are, therefore, to be construed as one order. The jurisdiction

of the commission, having been invoked by the filing of the application, continued until the commission finally disposed of all questions presented therein.

It is further urged that the judgment of the trial court was against the manifest weight of the evidence for the reason that plaintiff had failed to show that he had suffered any disability other than that for which he had been fully compensated or that such disability, if any, was the result of the original injury. It is claimed that there had been no change in claimant's condition since the date of the last payment. We have examined the record in regard to this matter and are of the opinion that ample proof was adduced to support the finding of the trial court.

Judgment of the court below will, therefore, be affirmed.

*Judgment affirmed.*

McCurdy, P. J., and Metcalf, J., concur.