THE STATE, EX REL. ROSSETTI, APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Rossetti, v. Indus. Comm. (1983), 5 Ohio St. 3d 230.]

(No. 82-349—Decided July 6, 1983.)

*Barrett & Barrett Co., L.P.A.,* and *Mr. Walter S. Barrett, Jr.,* for appellant.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robin R. Obetz* and *Mr. Robert J. Mulligan,* for appellee Sears, Roebuck & Co.

*Mr. William J. Brown,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Industrial Commission.

*Per Curiam.* This cause presents the issue of whether the writ of mandamus was properly denied. Appellant attacks the decision of the court of appeals on four grounds.

First, appellant contends that there was no evidence upon which the commission could reasonably have relied with regard to their decision affirming the determination that appellant suffers a permanent partial disability of forty-five percent.

The evidence before the commission was comprised of three doctors' reports. Dr. Holbrook considered relator to be permanently totally disabled. Dr. Burkhart considered relator to be temporarily totally disabled. Dr. Reynolds considered relator to be forty percent permanently partially disabled. The commission has wide discretion in the determination of factual matters. Dr. Reynolds' report provided some evidence to support the commission's determination that relator was forty-five percent permanently partially disabled. This court has consistently held that a decision of the Industrial Commission will not be disturbed where the record contains sufficient evidence to support it. *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358]. The award pursuant to R.C. 4123.57 (A) was therefore justified.

Appellant's second argument is that R.C. 4123.515 and 4123.519 require that a self-insured employer pay benefits beyond those awarded during the pendency of an appeal. R.C. 4123.515, as amended January 17, 1977, provided in pertinent part:

"* * * where the regional board rules in favor of the claimant, compensation and benefits shall be paid * * * by the self-insuring employer whether or not further appeal is taken. * * *"

---

[1] Appellees raise the issue of untimeliness in this appeal also. This court's previous determination is *res judicata* as to that issue.

This amendment did not go into effect until January 17, 1977, and has no application with respect to claims filed prior to its effective date. Furthermore, the order from which the appeal was attempted provided for temporary total benefits only through July 7, 1974, based upon the report of appellant's doctor that she would return to work on July 8, 1974. Appellant did not apply for any additional temporary total disability until September 2, 1977, when she filed her second application to reactivate her claim.

R.C. 4123.519 provides in pertinent part:

"An appeal from a decision of the commission or any action filed in a case in which an award of compensation has been made shall not stay the payment of compensation under such award or payment of compensation for subsequent periods of total disability during the pendency of the appeal. * * *"

The order of October 9, 1974, directed Sears to pay appellant temporary total disability compensation for the period from April 28, 1974 to July 17, 1974. Sears complied with that order during a series of unsuccessful appeals which concluded on February 23, 1977. Appellant contends that R.C. 4123.515 and 4123.519 mandate that whatever the rate of compensation, it should have been paid throughout the appeal process. This is clearly not the law. The appeal process could not begin until after the expiration date of the disability award. R.C. 4123.519 requires that awards *made* not be stayed during the pendency of an appeal, and not, as appellant contends, that the penalty for appeal is the payment of awards neither applied for nor determined to be due.

Appellant's third argument is that Sears should be compelled to pay the December 3, 1980 award of temporary total disability compensation for the period from July 8, 1974 to September 1, 1975. Appellee Sears contends that R.C. 4123.52 invalidates that award.

R.C. 4123.52 provides in pertinent part:

"* * * [T]he commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing the application therefor."

The application requesting temporary total disability compensation for the above-mentioned back period was filed on September 2, 1977, or just over two years after the last day of the back period. We therefore agree with appellee that the commission was without jurisdiction to make the modification affecting that period. The court of appeals did not address this issue in its decision. The denial of the writ in regard thereto was, nevertheless, proper.

Appellant finally argues that Sears should be compelled to comply with the order approving payment for medical treatment of the allowed injury.

Sears has refused to pay a number of appellant's medical bills on the ground that it has only been ordered to pay bills *related to the allowed injury,* and has complied with that order to the extent to which such bills have been so specified. The court of appeals held that the commission, as the only appropriate forum for the determination of which bills are so related, is where appellant should seek her relief. The district hearing officer's order of

December 12, 1978, however, was sufficiently clear. Sears should present any medical bills it wishes to dispute to the commission, requesting that they be disapproved. Otherwise, Sears must pay the bills submitted by appellant.

Appellant has failed to establish the requirements for a writ of mandamus except with regard to the payment of medical bills. In that regard only, the judgment of the Court of Appeals for Franklin County is reversed and a writ is allowed accordingly. In all other respects the judgment is affirmed.

*Judgment reversed in part,*
*and affirmed in part.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.