THE STATE, EX REL. GENERAL REFRACTORIES COMPANY, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. General Refractories Co., *v.* Indus. Comm. (1989),
44 Ohio St. 3d 82.]

(No. 88-392—Submitted April 4, 1989—Decided July 5, 1989.)

*Arter & Hadden, Douglas M. Bricker* and *Michael L. Maxfield,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Merl H. Wayman,* for appellee Industrial Commission.

*Robert J. Perry & Associates* and *Joseph C. Mastrangelo,* for appellee-claimant.

MOYER, C.J.   The sole issue before this court is whether appellee-claimant's motion of June 23, 1983 for allowance of an additional condition of "[a]septic necrosis right femoral head" could be construed as an application for compensation within the meaning of R.C. 4123.52.

R.C. 4123.52 provides in pertinent part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * * [T]he commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."

"* * * The purposes of * * * [the] statutory limitation on the prosecution of compensation claims are that such claims be prosecuted promptly * * * while the facts are available; and that the ultimate liability under such claims be established promptly so that it may be enforced by the * * * [Industrial Commission] for the benefit of the fund." *State, ex rel. Hammond,* v. *Indus. Comm.* (1945), 144 Ohio St. 477, 481-482, 30 O.O. 100, 101-102, 59 N.E. 2d 745, 746-747. With the statutory provision and its purpose in mind, we now turn to the question posed.

Appellant contends that the June 23, 1983 motion may not be construed as an application for compensation within the purview of R.C. 4123.52 because appellee-claimant did not make a request therefor. R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application. See *Nichols* v. *Ohio Collieries Co.* (1944), 75 Ohio App. 474, 31 O.O. 278, 62 N.E. 2d 636. This view accords with statutory dictates and this court's long-established position of giving a liberal interpretation to the Workers'

Compensation Act in favor of the injured worker. R.C. 4123.95; *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177, 38 O.O. 2d 414, 224 N.E. 2d 751; *State, ex rel. Gassmann,* v. *Indus. Comm.* (1975), 41 Ohio St. 2d 64, 70 O.O. 2d 157, 322 N.E. 2d 660; *State, ex rel. Walker,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 402, 12 O.O. 3d 347, 390 N.E. 2d 1190; *Czarnecki* v. *Jones & Laughlin Steel Corp.* (1979), 58 Ohio St. 2d 413, 12 O.O. 3d 353, 390 N.E. 2d 1195.

The record indicates that appellant knew at the time appellee filed for the allowance of an additional condition that he had not been working at least since March 16, 1982. In its letter of May 4, 1982 denying the additional condition, appellant indicated that its inability "to consider the payment of compensation benefits" was predicated on its presumption that aseptic necrosis right femoral head was a nonallowed condition. It was this denial that gave rise to the June 23, 1983 motion. The motion, in effect, sought allowance of the refused compensation. Put in perspective, if appellant had considered necrosis as an allowed condition, the result would have been the payment of compensation for the condition and the June 23, 1983 motion would not have been necessary. Thus it appears obvious, as the commission and the court of appeals found, that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation. This court has consistently held that a decision of the Industrial Commission will not be disturbed where the record contains sufficient evidence to support it. *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396, 23 O.O. 3d 358, 433 N.E. 2d 159.

Faced as we are here with a choice between closing the door on an un-clearly articulated application for compensation, thereby denying an injured worker compensation to which he or she may be entitled, or affirming the granting of such compensation and risking the possibility that the application was not for compensation, we choose the latter option. The "application for compensation" language provided in R.C. 4123.52 should be liberally construed in favor of the injured worker. See *Kittle, supra,* at 185, 38 O.O. 2d at 419, 224 N.E. 2d at 757.

The facts here are distinguishable from a situation where the application requesting the "back" award is predicated on the original allowed condition and there is no filing prior to the application in question which could in any way be construed as an application for compensation within the meaning of R.C. 4123.52. Appellant relies on *State, ex rel. Clark,* v. *Krouse* (1977), 52 Ohio St. 2d 201, 6 O.O. 3d 458, 371 N.E. 2d 538, and *State, ex rel. Rossetti,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 230, 5 OBR 492, 450 N.E. 2d 1151. The critical difference between this case and *Clark* and *Rossetti, supra,* is that in both *Clark* and *Rossetti* there was no filing of any kind by the claimants which could have been construed as an application for additional compensation during the two-year period preceding the application requesting the "back" award. This is not the case here. There is ample evidence showing that the June 23, 1983 application was for compensation for the additional condition.

For the foregoing reasons, we hold that the filing of an application for allowance of an additional condition supported by evidence which contemplates the payment of workers' compensation benefits meets the requirement of an application for compensation pursuant to R.C. 4123.52. Thus, the commission did not abuse its

discretion when it decided that appellee Smith's June 23, 1983 motion could be construed as an application for temporary total disability compensation pursuant to R.C. 4123.52.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.