OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


     The State ex rel. Ford Motor Company, Appellee, v.
Industrial Commission of Ohio et al.; Kane, Appellant.
     [Cite as State ex rel. Ford Motor Co. v. Indus Comm.
(1992)       Ohio St.3d     .]
Workers' compensation -- R.C. 4123.52 forbids any award of
     compensation "for a back period in excess of two years
     prior to the date of filing application therefor."
     (No. 91-332 -- Submitted May 12, 1992 -- Decided October
14, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
88AP-1172.
     On April 6, 1979, appellant-claimant, Joan Kane, suffered
an injury to her left leg received in the course of and arising
from her employment with appellee, Ford Motor Company ("Ford"),
a self-insured employer.
     Appellant did not appear for work on August 20, 1979 and
never returned.  There is no evidence that Ford knew why
appellant left.
     On November 25, 1980, appellant filed a motion with the
Industrial Commission that read in its entirety:
     "That the claim include 'Demyelinative disease, or
'Multiple Sclerosis' because of the trauma as results [sic] of
the above claim."
     Accompanying the motion was attending physician William R.
Bauer's report.  Dr. Bauer gave his opinion that appellant's
multiple sclerosis had been aggravated by her industrial injury
and stated that her "progress remains guarded."  He did not
indicate that appellant (1) was not working, (2) could not
perform her former duties at Ford, or (3) had any residual
disability.
     Protracted litigation resulted in formal recognition of
appellant's claim for aggravation of the preexisting condition
of multiple sclerosis.  On March 20, 1984, appellant moved for
temporary total disability compensation from "August 20, 1979
through the present and ongoing" based on the newly allowed
condition.  A commission district hearing officer on May 12,
1986 awarded temporary total disability compensation from March
20, 1982 through June 6, 1985, with future compensation

contingent on continued medical proof.  Temporary total disability compensation from August 20, 1979 through March 19, 1982 was denied under the theory that R.C. 4123.52 prohibited compensation payment for periods more than two years prior to appellant's March 20, 1984 motion for temporary total disability compensation.  The order was administratively affirmed.

Ford eventually sought permission to terminate temporary total disability compensation, alleging that appellant's condition was permanent.  At the August 20, 1987 hearing, a district hearing officer found that appellant's condition had become permanent as of that date.  However, because appellant had applied for compensation for permanent total disability, temporary total disability compensation was continued pending determination of appellant's application for compensation for permanent total disability.  This order was also affirmed.

Ford initiated a mandamus action in the Court of Appeals for Franklin County, contesting the extension of temporary total disability compensation beyond the August 20, 1987 permanency date.  Appellant countered with a challenge to the commission's denial of temporary total disability compensation prior to March 20, 1982.  Ford prevailed on both claims.  The appellate court upheld the commission's denial of temporary total disability compensation from August 20, 1979 through March 19, 1982 and ordered the commission to vacate the extension of compensation beyond August 20, 1987.

This cause is now before this court upon an appeal as of right.

Petro, Rademaker, Matty & McClelland and James M. Petro, for appellee.

Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Michael C. Porterfield, Richard C. Alkire and Joel Levin, for appellant.

Per Curiam.  Two periods of temporary total disability compensation are at issue: (1) August 20, 1979 through March 19, 1982 and (2) August 20, 1987 and after.  The appellate court held that compensation was not payable over either.  We affirm its judgment.

The commission premised its denial of temporary total disability compensation prior to March 20, 1982 on R.C. 4123.52.  The statute forbids any award of compensation "for a back period in excess of two years prior to the date of filing application therefor."  The commission looked to appellant's March 20, 1984 motion for temporary total disability compensation and determined that it could not order compensation before March 20, 1982.

Appellant contends that her November 25, 1980 motion for allowance of an additional condition should be construed as an R.C. 4123.52 application for compensation, thereby permitting compensation over the period in question.  She alternatively argues that R.C. 4123.52's two-year statute of limitations does not apply.  Both arguments lack merit.

Appellant bases her initial proposition on State ex rel. Gen. Refractories Co. v. Indus. Comm. (1989), 44 Ohio St.3d 82, 541 N.E.2d 52.  There, a March 23, 1982 medical report from the claimant's attending physician to the claimant's self-insured

employer indicated that a necrotic condition had arisen from claimant's industrial injury and prevented work through May 3, 1982. The employer responded with a May 4, 1982 letter refusing temporary total disability compensation payment since necrosis was not an allowed condition.

The claimant, on June 23, 1983, asked the commission to allow the necrotic condition. After the condition was formally recognized, claimant, on May 15, 1985, filed another motion, this time requesting temporary total disability compensation from March 16, 1982 through August 15, 1985. The employer opposed the motion, arguing that under R.C. 4123.52's two-year statute of limitations, compensation could be ordered only for the period after May 15, 1983--two years prior to claimant's motion for temporary total disability compensation. The commission granted claimant's motion and ordered compensation for the period beginning March 16, 1982. To do this, the commission construed claimant's June 23, 1983 application for allowance of an additional condition as an application for compensation.

We upheld that decision, rejecting the employer's claim that only those motions expressly requesting compensation could be considered applications for compensation within the meaning of R.C. 4123.52. We wrote:

"R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application." Id., 44 Ohio St.3d at 83, 541 N.E.2d at 54.

We stressed that claimant's application for allowance of an additional condition was accompanied by medical proof of a work-prohibitive disability. The employer's May 4, 1982 letter, moreover, treated claimant's motion as one requesting compensation, since the employer specifically stated that no temporary total disability compensation would be paid. It was this denial, we observed, "that gave rise to the June 23, 1983 motion. The motion, in effect, sought allowance of the refused compensation. Put in perspective, if appellant had considered necrosis as an allowed condition, the result would have been the payment of compensation for the condition and the June 23, 1983 motion would not have been necessary. Thus it appears obvious * * * that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation." Id., 44 Ohio St.3d at 84, 541 N.E.2d at 54-55.

Appellant argues that Gen. Refractories is indistinguishable from this case. We disagree. Gen. Refractories is based on the perception that the employer, despite the lack of a direct request for temporary total disability compensation, knew that the claimant was seeking compensation as well as an additional allowance. While this conclusion was supported in Gen. Refractories, in this case it is not.

Most significant in Gen. Refractories was the employer's May 4, 1982 letter denying temporary total disability

compensation.  The employer obviously perceived claimant's March 23, 1982 letter as a compensation request or it would not have responded as it did.  Here, Ford gave no indication that it considered claimant's application for allowance of an additional condition to include a request for compensation.

Second, claimant's initial letter in Gen. Refractories was accompanied by medical evidence of temporary total disability. This, too, is missing here.  Dr. Bauer's report indicated at most that prospects for improvement were "guarded."  Nothing indicated that the newly sought condition was, at that point, disabling.

Finally, in the earlier case, the proximity of claimant's last date worked to the letter and evidence in question strongly suggested that the letter stemmed from a desire for disability compensation.  In Gen. Refractories, claimant's last date worked was March 16, 1982.  One week later, claimant submitted evidence of an inability to work caused by a work-related accident.  It was thus reasonable to presume that the employer knew that compensation was being sought.  Here, however, there were fifteen months between appellant's last date worked and her motion for allowance of an additional condition.  Given appellant's delay, we decline to impute knowledge of temporary total disability to Ford.

Admittedly, R.C. 4123.95 requires liberal construction in appellant's favor of R.C. 4123.52's "application" for "compensation."  Liberal construction, however, is not limitless and merely because appellant belatedly says that she intended her initial motion to be an application for compensation does not, under these facts, make it one.

Appellant alternately challenges R.C. 4123.52's applicability, pointing instead to R.C. 4123.84.  R.C. 4123.84(A) states:

"In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]"

Appellant reasons that where an application for allowance of an additional condition is made within two years of the date of injury, as hers was, R.C. 4123.52's limitation of actions does not apply.  Appellant, however, ignores that the next to last paragraph of R.C. 4123.84 specifically applies R.C. 4123.52 to all injury claims made pursuant to R.C. 4123.84(A)(1).

Accordingly, we find that R.C. 4123.52 bars compensation for temporary total disability for the period prior to March 20, 1982.

The commission also declared appellant's condition to be permanent as of August 20, 1987, which, under State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, warranted termination of temporary total disability compensation. However, pursuant to then-existing commission policy, temporary total disability compensation was continued pending determination of claimant's application for permanent total disability compensation.

State ex rel. Eaton Corp. v. Lancaster (1988), 40 Ohio St.3d 404, 534 N.E.2d 46, invalidated that policy.  It also ordered the commission to vacate four orders that had extended temporary total disability compensation despite a finding of permanency, and ordered the commission to make a determination in accordance with Eaton.  Eaton, however, recognized that the commission had promulgated its policy in response to the lengthy delay, common at that time, in processing applications for permanent total disability compensation.  We cited this as justification for declaring our holding to be prospective only and refusing to order the commission to terminate the temporary total disability compensation of all claimants then receiving compensation under the invalidated policy.  Id., 40 Ohio St.3d at 408, 534 N.E.2d at 51.

Almost four years have passed since our decision in Eaton, and there is no evidence presently before us  which indicates that the timeliness concerns, so relevant then, still exist.  We thus find it unnecessary now to allow temporary total compensation to continue despite a finding of permanency.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.