[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 129.]

THE STATE EX REL. KROGER COMPANY, APPELLANT, *v.* MOREHOUSE; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Kroger Co. v. Morehouse*, 1995-Ohio-300.]

*Workers' compensation—Award of temporary total disability compensation for two disputed periods—Industrial Commission abuses its discretion in awarding compensation for one of the periods when no evidence supports the award of temporary total disability compensation.*

(No. 94-879—Submitted October 10, 1995—Decided November 29, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 93AP-272.

_____

{¶ 1} Claimant, Susan C. Morehouse, was injured in the course of and arising from her employment with appellant, Kroger Company. She received intermittent temporary total disability compensation until approximately October 15, 1990 when she quit Kroger, allegedly to take another job. Her employment with Eagle Buckeye Corporation was confirmed as being from February 22, 1991 through July 19, 1991.

{¶ 2} On May 14, 1992, attending physician Dr. Maged Hanna saw claimant for the first time since September 1991. In a May 20, 1992 C84 "physician's report supplemental," he stated that claimant had been temporarily and totally disabled since July 22, 1990, and would be able to return to her former position of employment on December 31, 1992. That form was followed by a C85A claim reactivation application that requested, among other things, temporary total disability compensation from October 14, 1990 to December 31, 1992.

{¶ 3} On June 19, 1992, a district hearing officer for appellee, Industrial Commission of Ohio, denied temporary total disability compensation because:

"(A)  Medical evidence in file from claimant's physician (DL [*sic*] Hanna) has described claimant's condition as 'chronic.'  This is notable in light of the minimal treatment evident in this claim which leads the District Hearing Officer to reasonably conclude that claimant's condition has remained static over the recent past and that temporary total compensation is, therefore, inappropriate in this claim.

"(B)   The period of temporary total compensation requested is disproportionately long when considering the quality (i.e. probativeness) of the medical evidence in file.  As noted in item (A) above, there has been minimal treatment in this claim and related to this, a lack of sufficient narrative medical evidence to adequately support a request for temporary total compensation in this regard[.]  [T]he District Hearing Officer found neither claimant's testimony nor Dr. Hanna's 6-9-92 report [a letter stating that claimant had not been in Hanna's office from September 1991 to May 1992] to be persuasive."

{¶ 4} Ten days later, Dr. Hanna wrote:

"This letter is being written * * * to further elucidate Susan Morehouse's condition.  Ms. Morehouse has been treated by me since July 22, 1990 * * *.  Since that period of time, Ms. Morehouse has received physical therapy, traction, trial of TENS unit therapy, and multiple medications with transient improvement.  She currently exhibits spasm, tenderness and significant restriction of motion of her posterior neck musculature.  Her neurovascular status of the upper extremities is completely intact.  She has mildly decreased range of motion of her lower lumbar spine with minimal spasm, but again, neurovascular exam of the lower extremities is completely normal.  Her diagnoses have not changed since treatment was initiated.

"Ms. Morehouse['s] condition has left her with unrelenting pain and disabling headaches.  Because of this, she has been unable to sustain work on even a part-time basis. With aggressive therapy using multiple modalities Ms. Morehouse has been shown to remain functional; certainly her condition is not

'static.' It should be noted that Ms. Morehouse is otherwise a healthy, *motivated* young woman who desires to enter the work force. I truly believe that she would greatly benefit from a work hardening program to allow her to re-enter the work force; this was requested in the past but *refused*. Until this multi-disciplinary treatment is initiated, I feel Ms. Morehouse still has not reached maximal medical improvement and is still unable to return to any sort of meaningful employment." (Emphasis *sic*.)

{¶ 5} Based on this letter, claimant's counsel filed a C86 motion that asked that the commission "reconsider the order of the [district hearing officer] dated 6-26-92 denying Claimant's request for temporary total compensation." That motion contains this notation:

"Construe As An Appeal—Send to Regional Board [of Review].

"D. Binkovitz * * * Staff Hearing Officer 7/14/92."

{¶ 6} On August 5, 1992, Dr. Hanna completed another C84 that certified claimant had been temporarily and totally disabled from July 22, 1990, and would be able to return to her former position of employment on December 31 1992. The C84 was presented the next day to the regional board of review. The regional board apparently continued the matter, for in ultimately awarding temporary total disability compensation, the board relied in part on the September 30, 1992 report of Dr. H. Tom Reynolds, who certified a temporary inability to return to the former position of employment. Specifically, the board wrote:

"That portion of the order which denied all temporary total compensation requested is hereby vacated.

"Temporary total compensation is awarded from October 14, 1990 through February 21, 1991, and from February 22, 1991 through September 25, 1992 and to continue upon submission of appropriate medical proof, not to exceed the statutory maximum.

"This portion of the decision and order is based on the reports and C-84's of Dr. Maged Hanna, the letter of Robert C. Aivarzian of Eagle Buckeye Corporation dated June 3, 1992, testimony at hearing, and the specialist report of Dr. H. Tom Reynolds, who concluded, based on his September 25, 1992 examination of the claimant that:

"* * *

"From the physical medicine standpoint concerning the allowed conditions in the claim, it is my opinion that this claimant continues to have an impairment that is temporary in nature. I do not feel she could perform her regular work duties at this time, and this inability is temporary, as I do feel she has a good potential to return to her previous level of employment and job requirements. I would strongly recommend and agree with Dr. Hanna that she could benefit from work hardening and would recommend a referral from the Rehabilitation Division for participation in their programming. I would not recommend continued long-term use of Valium medication for management. I would recommend re-evaluation of the claimant within the next four to six months to determine her level of impairment at that time and response to work hardening should she elect to participate and be found to be an appropriate candidate. I do not feel she has experienced maximum recovery from the physical medicine standpoint and could benefit from referral to rehabilitation."

{¶ 7} Staff hearing officers modified the regional board, stating that:

"* * * [The] employer's appeal be granted, and the order of the Regional Board be modified to the extent of this order.

"Temporary total compensation is denied for the period of 2/22/91 through 7/19/91, as claimant worked for a different employer during this time.

"In all other aspects that order of the Regional Board is affirmed."

{¶ 8} Kroger filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in awarding

4

temporary total disability compensation. The appellate court, in a split decision, disagreed, finding "some evidence" in support of the commission's order. Judge Deshler, in dissent, essentially found no evidence supporting the award of temporary total disability compensation.

{¶ 9} This cause is now before this court upon an appeal as of right.

_____

*Porter, Wright, Morris & Arthur*, *Charles J. Kurtz III* and *Christopher C. Russell*, for appellant.

*Betty D. Montgomery*, Attorney General, and *William J. McDonald*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

{¶ 10} There are two disputed periods of temporary total disability compensation awards: October 14, 1990 through February 21, 1991; and July 20, 1991 to December 31, 1992. Kroger objects both procedurally and substantively to the awards. We sustain these objections in part, and the appellate judgment is reversed in part and affirmed in part.

{¶ 11} Procedurally, Ohio Adm. Code 4123-3-18(A)(4) states:

"(A) Administrative appeals

"* * *

"(4) Appeal (also called 'Notice of Appeal') should be made on form OIC 3000, formerly I-12, or as provided by rules of the industrial commission. 'Notice of Appeal' shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from and the fact that the appellant appeals therefrom."

{¶ 12} Ohio Adm. Code 4123-3-16 also reads:

"(A) Form C-86 shall be used to present motions to the bureau or commission.

5

"(B) Motions may be submitted by the employee or the employer to seek a determination by the  bureau or the commission on any matter not otherwise provided for in these rules.  It is appropriate to file a motion in order to secure allowance of a disability or condition not previously considered in a claim.  *In no event should a motion be used as a substitute for an appeal*, an application to reactivate a claim, an application for the determination of the percentage of permanent partial disability, or an application to increase an award of percentage of permanent partial disability."  (Emphasis added.)

{¶ 13} Claimant's counsel did not use form OIC 3000 to contest the district hearing officer's initial temporary total disability compensation denial.  She instead used a C86 to request further administrative review.  Because claimant did not use the proper form, Kroger claims that the commission erred in treating claimant's motion as an appeal.  We disagree.

{¶ 14} Kroger correctly states that an administrative agency cannot ignore its own rules.  At the same time, R.C. 4123.95 directs that the Workers' Compensation Act be construed liberally in favor of employees.  Weighing these competing concerns, the appellate court referee—utilizing reasoning that the appellate majority adopted—stated:

"Such a narrow construction, however, is overridden by the equally compelling principle contained in R.C. 4123.95 that the workers' compensation law shall be liberally construed in favor of employees.  A liberal construction does not permit a claimant substantive entitlement to benefits to be defeated by technical reading of procedural rules, particularly where the C-86 motion was served on relator's counsel and relator was represented at the hearing on claimant's 'appeal' at the regional board.  Under these circumstances, relator has not demonstrated material prejudice resulting from any of the procedural defects alleged which would amount to an abuse of discretion."

**{¶ 15}** It is clear from the document itself that claimant was seeking further administrative review of her request for temporary total disability compensation. Applying R.C. 4123.95, we find that the commission did not abuse its discretion in construing claimant's C86 as it did. See *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St. 3d 82, 541 N.E. 2d 52.

**{¶ 16}** Turning to the compensation award itself, the commission awarded temporary total disability compensation based on the reports of Drs. Hanna and Reynolds. Because Dr. Reynolds examined claimant just once, on September 25, 1992, his report is not probative of claimant's condition before then. See *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E. 2d 30. Consequently, the report is not "some evidence" supporting temporary total disability compensation prior to September 25, 1992. It is, however, "some evidence" supporting temporary total disability after that date. Therefore, the award of temporary total disability compensation from September 25, 1992 to December 31, 1992 is defensible.

**{¶ 17}** Prior to September 25, 1992, compensation eligibility rests exclusively with Dr. Hanna. Upon review, we find that neither his narrative reports nor C84 forms are "some evidence" supporting an award of temporary total disability compensation.

**{¶ 18}** Over the period in which temporary total disability compensation was requested, two segments of time are particularly noteworthy. The first covers September 1991 to May 1992, during which time Dr. Hanna, by his own admission, did not see the claimant. The second is February 22, 1991 through July 19, 1991, when claimant was actually working.

**{¶ 19}** The lengthy period during which Dr. Hanna had no patient contact casts considerable doubt on the reliability of his certification of temporary total disability over that period, but, in and of itself, does not invalidate his certification in its entirety. However, when combined with the fact that claimant actually

worked during part of the certification period, we find Dr. Hanna's certification to be too flawed to support the payment of temporary total disability compensation over any of the disputed periods prior to September 25, 1992.

{¶ 20} Accordingly, that portion of the court of appeals' judgment that found "some evidence" supporting the award of temporary total disability compensation from September 25, 1992 to December 31, 1992 is affirmed. The rest of the judgment is reversed.

*Judgment affirmed in part and reversed in part.*

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., CONCUR.

RESNICK, J., dissents in part and would affirm the judgment of the court of appeals in its entirety.

F.E. SWEENEY, J., dissents and would affirm the court of appeals *in toto.*

―――――――――――