[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 60.]

THE STATE EX REL. GARRETT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. Garrett v. Indus. Comm.*, 2002-Ohio-3533.]

*Workers' compensation—R.C. 4123.52 forbids any award of compensation "for a back period in excess of two years prior to the date of filing application therefor"—Industrial Commission did not abuse its discretion in declining to construe claimant's additional allowance application as an application for compensation so as to toll the statute of limitations, when.*

(No. 2001-1199—Submitted May 21, 2002—Decided July 24, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-1020.

_____

**Per Curiam.**

{¶1} Appellant-claimant, Robert L. Garrett, was industrially injured on November 14, 1974. His claim was allowed for assorted leg, back, and hip injuries, and for the next 15 years he received uninterrupted temporary total disability compensation ("TTC"). On October 29, 1992, TTC was terminated based on maximum medical improvement ("MMI") and claimant did not appeal.

{¶2} Claimant filed for permanent total disability compensation ("PTD") on June 16, 1998. Apparently, during the processing of that application, the Bureau of Workers' Compensation discovered an unadjudicated motion from 1977 that had been lying dormant in the file. The motion asked that "due to my allowed injuries, I am requesting that my nervous condition be additionally allowed." Attached was the July 6, 1977 note of Dr. S.M. Zervos, which read:

{¶3} "When the above patient was examined on July 5, 1977, he had developed a neurosis depression due to the unbearable pain in his right leg. His mental ability is impaired sue [*sic*] to this accident and the agony of the pain in his

rigth [*sic*] leg and low back. He is 100 percent disabled due to this trauma of his accident and it has also resulted in depression."

{¶4} On October 26, 1998, the bureau additionally allowed the claim for "anxiety neurosis with depression." On June 8, 1999, appellee Industrial Commission awarded PTD commencing January 23, 1998.

{¶5} On October 7, 1999, claimant moved for TTC to cover the gap from termination of TTC on October 29, 1992, through the start of PTD on January 23, 1998. The commission granted the motion in part, awarding TTC from October 7, 1997, through the PTD start date, based on Zervos's 1977 report. It would not award TTC prior to October 7, 1997, as that date was two years before claimant's TTC motion, and compensation before that date was barred by R.C. 4123.52's two-year statute of limitations.

{¶6} When further consideration was denied, claimant petitioned for a writ of mandamus in the Court of Appeals for Franklin County. That court refused the writ, ruling that the commission did not abuse its discretion in declining to construe claimant's 1977 additional allowance application as an application for compensation so as to toll the statute of limitations.

{¶7} This cause is now before this court upon an appeal as of right.

{¶8} R.C. 4123.52 forbids the commission from awarding compensation "for a back period in excess of two years prior to the date of filing application therefor." Lacking statutory direction as to how an application for compensation must be made, the commission must sometimes determine whether a motion that does not expressly request compensation is nevertheless an application therefor. In this case, the commission determined that claimant's 1977 additional allowance motion was not an application for compensation. We agree.

{¶9} Two cases provide guidance. *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 82, 541 N.E.2d 52, involved a claimant seeking TTC for a necrotic condition that had not yet been allowed. On March 23,

1982, the claimant submitted a doctor's report to his self-insured employer indicating that this necrotic condition would prevent the claimant from returning to work for several weeks. The employer responded that it was unable to pay TTC because the condition was not part of the claim. On June 23, 1983, claimant filed a motion with the commission for additional allowance of the condition but without an express request for compensation. After the condition was allowed, claimant on May 15, 1985, moved the commission for TTC from March 16, 1982, through August 15, 1985.

{¶10} Controversy ensued as to when claimant had actually applied for compensation—June 23, 1983, or May 15, 1985. We favored the earlier date, dismissing immediately the employer's argument that because compensation was not specifically asked for, the 1983 motion was not a compensation application:

{¶11} "The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application. * * * This view accords with statutory dictates and this court's long-established position of giving a liberal interpretation to the Workers' Compensation Act in favor of the injured worker."

{¶12} In recognizing the 1983 motion as an application for compensation, we wrote:

{¶13} "The record indicates that appellant [employer] knew at the time appellee filed for the allowance of an additional condition that he had not been working at least since March 16, 1982. In its letter of May 4, 1982 denying the additional condition, appellant indicated that its inability 'to consider the payment of compensation benefits' was predicated on its presumption that aseptic necrosis right femoral head was a nonallowed condition. It was this denial that gave rise to the June 23, 1983 motion. The motion, in effect, sought allowance of the refused

compensation. Put in perspective, if appellant had considered necrosis as an allowed condition, the result would have been the payment of compensation for the condition and the June 23, 1983 motion would not have been necessary. Thus it appears obvious, as the commission and the court of appeals found, that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation." Id., 44 Ohio St.3d at 84, 541 N.E.2d 52.

{¶14} Three years later, an employer prevailed in *State ex rel. Ford Motor Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 17, 599 N.E.2d 261. There, claimant was injured on April 6, 1979. She apparently returned to work immediately but did not appear for work on August 20, 1979, and never returned. Claimant provided no explanation and Ford never knew why she left.

{¶15} In 1980, claimant moved the commission for additional allowance of a claim for multiple sclerosis. On March 20, 1984, after the claim was allowed, she sought TTC from her 1979 departure date forward. The commission refused to award compensation before March 20, 1982—that is, more than two years prior to claimant's March 20, 1984 TTC motion.

{¶16} We upheld the commission's order, rejecting claimant's entreaty to construe the 1980 additional-allowance motion as an application for compensation. Distinguishing *Gen. Refractories*, we stressed that (1) claimant's additional allowance motion in *Gen. Refractories* was spurred by the employer's initial denial of a TTC request predicated on that new condition, indicating that the employer knew that the claimant was seeking compensation, (2) claimant's initial letter in *Gen. Refractories* was accompanied by evidence of temporary total disability, and (3) the proximity in *Gen. Refractories* between claimant's last date worked and the date of the document alleged to be an "application" for purposes of R.C. 4123.52. We summarized:

{¶17} "*Gen. Refractories* is based on the perception that the employer, despite the lack of a direct request for temporary total disability compensation,

knew that the claimant was seeking compensation as well as an additional allowance. While this conclusion was supported in *Gen. Refractories*, in this case it is not."

{¶18} That the employer in this case is a state-fund employer rather than self-insured, as in the other two decisions, is not dispositive. Regardless of who the payor is, the relevant question remains the same: Can a request for compensation reasonably be inferred from the motion sought to be construed? In this case, it cannot.

{¶19} One fact destroys claimant's assertion that a request for TTC was inherent in his 1977 additional allowance motion: *claimant was already receiving TTC for his physical conditions when he sought the additional allowance*. To request TTC when he was already receiving it is nonsensical and renders claimant's position unpersuasive.

{¶20} Another factor undermines claimant's argument. If claimant's 1977 motion was indeed an unheeded TTC request, claimant should have raised this argument or reasserted the motion when TTC was terminated in 1992 because of MMI. But claimant did not even appeal the termination. This supports the commission's assertion that claimant himself did not consider the 1977 motion to be a TTC request.

{¶21} Claimant contends that it is inconsistent to consider Zervos's report as "some evidence" of TTC from October 7, 1997, through January 22, 1998, but then state that it is not an implicit request for TTC prior thereto. This contention lacks merit. Simply because a report is "some evidence" supporting an award of compensation does not mean that it is a request for such an award. A single medical report can be "some evidence" of many things without being a request for anything.

{¶22} Claimant last argues that the commission abused its discretion in failing to use its continuing jurisdiction to reopen and vacate the 1992 TTC termination. While claimant enumerates the basis for reopening the issue, he does

not, in the end, assert that one of them exists here. He instead asserts the bureau's delay in processing the motion as a basis for reopening, but this assertion has no legal foundation.

{¶23} Equally important, the bureau's delay has nothing to do with claimant's predicament. The delay did not affect claimant, because claimant was already receiving TTC for his physical injuries. When the delay may actually have become relevant, i.e., when MMI was declared in 1992, claimant never asserted the delayed motion and, in fact, never even appealed termination. There is, therefore, no legitimate asserted basis for the exercise of continuing jurisdiction.

{¶24} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

——————————

Philip J. Fulton & Associates and Jonathan H. Goodman, for appellant.

Betty D. Montgomery, Attorney General, and Janine Hancock Jones, Assistant Attorney General, for appellee.

——————————