DECISION
{¶ 1} Relator, Todd A. Benda ("relator"), commenced this original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it applies *Page 2 
R.C. 4123.52 to deny an average weekly wage ("AWW") adjustment to compensation paid in excess of two years prior to the date that the commission determined an application for AWW adjustment was filed, and to enter an amended order that adjusts all compensation previously paid in the claim.
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate who considered the action on its merits and issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that relator sustained an industrial injury on February 13, 1987, and that relator received compensation based on the AWW of $103.02. The magistrate further determined that the commission did not abuse its discretion in determining that the C-94-A wage statement filed by relator constituted an R.C. 4123.52 application that triggers the two-year statute of limitation. The magistrate recommended this court deny relator's request for a writ of mandamus.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error of law or other defect in the magistrate's decision we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
 BRYANT and KLATT, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered on October 31, 2008 IN MANDAMUS {¶ 5} In this original action, relator, Todd A. Benda, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it applies R.C. 4123.52 to deny an average weekly wage ("AWW") *Page 4 
adjustment to compensation paid in excess of two years prior to the date that the commission determined an application for AWW adjustment was filed, and to enter an amended order that adjusts all compensation previously paid in the claim.
Findings of Fact: {¶ 6} 1. On February 13, 1987, relator sustained an industrial injury which is assigned claim number 87-11068. On the date of injury, relator was employed by Lytton Sanitation Service, Inc., a state-fund employer.
 {¶ 7} 2. In May 1988, a claims examiner of the Ohio Bureau of Workers' Compensation ("bureau") completed form C-166 which is captioned "Average Weekly Wage (A.W.W.) Computation Worksheet."
 {¶ 8} On the worksheet, the claims examiner calculated AWW to be $103.02 by dividing $5,357.09 in wages earned by relator during the year prior to his date of injury by 52 weeks ($5,357.09 ÷ 52 = $103.02).
 {¶ 9} The worksheet shows that relator only worked for Lytton Sanitation Service, Inc., for 27 weeks of the year prior to the date of injury. There were no wages reported for the remaining 25 weeks of the year. On the worksheet, the claims examiner wrote: "missing wages have been requested."
 {¶ 10} 3. Although the bureau did not issue an order setting AWW at $103.02 as calculated by the claims examiner, compensation was subsequently paid to relator based on the AWW calculation.
 {¶ 11} 4. On May 23, 2007, relator filed a C-94-A wage statement supported by relator's affidavit thereon. Relator averred: "I was unemployed but ready, willing and able *Page 5 
to work and was actively seeking work from 2/13/1986 to 8/5/86. I started working with Lytton Sanitation on 8/6/86."
 {¶ 12} 5. The C-94-A filed by relator on May 23, 2007 prompted the bureau to mail, on June 12, 2007, the following notice:
 The Ohio Bureau of Workers' Compensation (BWC) is referring this claim to the Industrial Commission of Ohio (IC) for consideration of the C94A filed by the injured worker on 05/23/2007.
 * * *
 BWC recommends denial of the C94A filed on 5/23/07. * * * C166 AWW sheet shows that missing wages were requested. No additional information was ever submitted until the C94-A on 5/23/07 which is being referred to hearing. BWC's position is that 20 years is an unreasonable period of time to request the IC adjust wages[.] * * *
 {¶ 13} 6. Following a July 17, 2007 hearing, a district hearing officer ("DHO") issued an order resetting AWW at $198.41 by dividing $5,357.09 in wages earned by 27 weeks ($5,357.09 ÷ 27 = $198.41).
 {¶ 14} In his order, the DHO applied R.C. 4123.52 to deny the AWW adjustment to compensation paid in excess of two years prior to May 23, 2007, which is the date that relator filed the C-94-A wage statement. The DHO found that the C-94-A wage statement constituted an "application" that triggered the two-year limitation period of R.C. 4123.52.
 {¶ 15} The DHO's order discusses State ex rel. Drone v. Indus.Comm., 93 Ohio St.3d 151, 2001-Ohio-1295, and this court's decision inState ex rel. Fooce v. Indus. Comm., Franklin App. No. 04AP-1026,2005-Ohio-4061. *Page 6 
 {¶ 16} The DHO determined that "the BWC treated the C-94-A application as a request by injured worker and his attorney to change the average weekly wage amount previously set in the claim."
 {¶ 17} 7. Relator administratively appealed the DHO's order of July 17, 2007.
 {¶ 18} 8. Following a September 5, 2007 hearing, a staff hearing officer ("SHO") issued a lengthy order affirming the DHO's order. Relying on Drone, the SHO explained:
 * * * [T]he fact that the injured worker rather than the Bureau of Workers' Compensation brought the error to the Bureau of Worker's Compensation's attention is determinative of the issue of whether the calculation is limited to two years prior to the filing of the Application, or whether that calculation would be corrected to include all past compensation paid back to the date of injury in 1987. * * *
 {¶ 19} 9. On October 20, 2007, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of September 5, 2007.
 {¶ 20} 10. On December 11, 2007, relator, Todd A. Benda, filed this mandamus action.
Conclusions of Law: {¶ 21} The issue is whether the commission abused its discretion in determining that the C-94-A wage statement filed by relator on May 23, 2007 constitutes an R.C. 4123.52 application that triggers the two-year limitation period.
 {¶ 22} Finding no abuse of discretion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 23} R.C. 4123.52 states in part: "The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor." *Page 7 
 {¶ 24} In Drone, it was held that R.C. 4123.52's two-year statute of limitations was never triggered and, thus, the statute did not bar the retroactive adjustment of compensation that arose when the bureau, on its own, discovered an error in its calculation of compensation. InDrone, the claimant did not file an application for an adjustment of compensation, nor did she bring the error to the bureau's attention. The bureau sua sponte issued an order adjusting compensation, but limited the adjustment to compensation paid for the two-year period prior to the date it had discovered the error. The claimant, in Drone, filed an objection to the bureau's order. The commission, through its SHO, treated the objection as an "application," and thus applied R.C. 4123.52
to bar an adjustment of compensation for a back period in excess of two years prior to the claimant's filing of the objection.
 {¶ 25} The Drone court rejected the commission's argument that the claimant's objection constituted the R.C. 4123.52 "application." In holding that the commission abused its discretion by applying R.C. 4123.52, the Drone court explained: "Because the statute of limitations in R.C. 4123.52 requires an application to trigger it and nothing satisfies [State ex rel. Gen. Refractories Co. v. Indus. Comm. (1989),44 Ohio St.3d 82] outline of an application, then the statute of limitations has not been invoked." Id. at 155.
 {¶ 26} In Drone, the court explained its decision in State ex rel.Gen. Refractories Co. v. Indus. Comm. (1989), 44 Ohio St.3d 82:
 The statute of limitations indeed begins running as of the date of the application for relief, and any discussion of that term starts with Gen. Refractories. At issue was the date to which — based on the two-year statute of limitations in R.C. 4123.52 — temporary total disability compensation ("TTD") *Page 8 
could be backdated. A March 23, 1982 doctor's report diagnosed right femoral necrosis as the cause of claimant's inability to work. Because that condition had not been allowed, the self-insured employer informed claimant that no consideration could be given to the condition, including the payment of any related compensation. Claimant responded on June 23, 1983, with a motion for additional allowance.
 A DHO allowed the condition. On May 15, 1985, claimant moved for TTD related thereto. A second DHO granted the motion and, after construing claimant's 1983 additional allowance motion as an "application for compensation," awarded TTD from March 16, 1982.
 The employer appealed, arguing that claimant's 1985 formal TTD motion was the point from which to measure claimant's right to retroactive compensation. We disagreed. We initially observed that R.C. 4123.52 did not specify how an application was to be made. Consequently, the failure of the additional-allowance motion to contain a compensation demand was not dispositive.
 We cited four factors in determining whether an application existed: (1) the document's contents, (2) the nature of relief sought, (3) how the parties treated the document, and (4) the liberal construction mandate of R.C. 4123.95. Applying those factors, we emphasized three things: (1) the employer knew that claimant had been off work since March 16, 1982, for medical reasons, (2) the employer itself made reference to compensation in its response to the initial doctor's report, and (3) claimant's additional allowance motion was generated by the employer's response to the doctor's report. Therefore:
 "Put in perspective, if appellant had considered necrosis as an allowed condition, the result would have been the payment of compensation for the condition and the June 23, 1983 motion would not have been necessary. Thus it appears obvious, as the commission and the court of appeals found, that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation." State ex rel. Gen. Refractories, 44 Ohio St.3d at 84, 541 N.E.2d at 55.
Id. at 153-154. *Page 9 
 {¶ 27} In Fooce, this court upheld the commission's order that applied R.C. 4123.52's two-year limitation period to an AWW adjustment. At issue was whether a document filed on September 24, 2001 was the "application" from which the two-year period is to be measured or a later-filed motion that specifically requested an AWW adjustment. Finding that the document filed September 24, 2001 was not an R.C. 4123.52 application, the court, through its magistrate, explained:
 The document in question filed on September 24, 2001, on its face, does not request, move, or petition for anything; nor does the document even purport to have originated from relator or her counsel. The document at best purports to be an internal bureau memorandum on the bottom of the page while the top of the page presents data regarding relator's employment in 1998; nor is there any evidence that the bureau treated the document in question as an application.
Id. at ¶ 29.
 {¶ 28} Quoting from the Fooce case, relator argues that, because the C-94-A wage statement, on its face, does not request, move, or petition for anything, it cannot be viewed as an application. Relator's argument lacks merit.
 {¶ 29} Clearly, that the document in question, on its face, does not request something is not necessarily dispositive of whether it is an application. In Fooce, while the document in question, on its face, did not request, move, or petition for anything, the court also relied upon other factors in determining that the document was not an application.
 {¶ 30} Relator further contends that the application of the four factors set forth in Drone, as derived from Gen. Refractories, compels the conclusion that the C-94-A was not an R.C. 4123.52 application. The magistrate disagrees. *Page 10 
 {¶ 31} The first factor is the document's contents. The C-94-A was responsive to the hearing examiner's request for missing wages as indicated on the C-166 worksheet. The document's contents, i.e., relator's statement that he was unemployed but actively seeking work during the remaining weeks of the year prior to the date of his injury, were submitted to obtain an adjustment in the AWW calculation. The unmistakable purpose of the document's contents was to prompt bureau review of the AWW calculation. Thus, the first factor clearly supports a finding that the C-94-A is an application.
 {¶ 32} The second factor is the nature of the relief sought. InGen. Refractories, the issue was whether a motion for an additional claim allowance was, in effect, a motion for compensation based on such allowance. In Gen. Refractories, the relief sought, i.e., an additional claim allowance, was a necessary step to obtaining compensation. Here, the C-94-A itself does not, on its face, purport to seek relief. However, supplying the missing information requested by the claim's examiner years earlier can be viewed as relator's request for relief from the AWW calculated without the newly supplied information.
 {¶ 33} The third factor is how the parties treated the document. Clearly, the bureau treated the C-94-A as a request for an AWW adjustment. Moreover, its seems clear that, had the bureau not responded to the C-94-A as an application, relator would have been compelled to formally file a motion. Thus, the bureau's referral of the matter to the commission for adjudication eliminated any need for relator to formally file a motion.
 {¶ 34} The fourth factor is the liberal construction mandate of R.C. 4123.95. In Gen. Refractories, liberal construction resulted in a finding that the motion for an additional allowance was an application for compensation. Here, unlike Gen. *Page 11 Refractories, relator seeks to avoid a finding that the document is an application. Thus, liberal construction does not seem to advance relator's position here.
 {¶ 35} According to relator, three out of the four factors indicate that his C-94-A is not an application. To the contrary, as explained above, the factors overwhelmingly show that the commission did not abuse its discretion in holding that the C-94-A is an application.
 {¶ 36} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1