THE STATE EX REL. FORD MOTOR COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.; KANE, APPELLANT.

[Cite as *State ex rel. Ford Motor Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 17.]

(No. 91–332—Submitted May 12, 1992—Decided October 14, 1992.)

*Petro, Rademaker, Matty & McClelland* and *James M. Petro,* for appellee.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Michael C. Porter-field, Richard C. Alkire* and *Joel Levin,* for appellant.

*Per Curiam.* Two periods of temporary total disability compensation are at issue: (1) August 20, 1979 through March 19, 1982 and (2) August 20, 1987 and after. The appellate court held that compensation was not payable over either. We affirm its judgment.

The commission premised its denial of temporary total disability compensation prior to March 20, 1982 on R.C. 4123.52. The statute forbids any award of compensation "for a back period in excess of two years prior to the date of filing application therefor." The commission looked to appellant's March 20, 1984 motion for temporary total disability compensation and determined that it could not order compensation before March 20, 1982.

Appellant contends that her November 25, 1980 motion for allowance of an additional condition should be construed as an R.C. 4123.52 application for compensation, thereby permitting compensation over the period in question. She alternatively argues that R.C. 4123.52's two-year statute of limitations does not apply. Both arguments lack merit.

Appellant bases her initial proposition on *State ex rel. Gen. Refractories Co. v. Indus. Comm.* (1989), 44 Ohio St.3d 82, 541 N.E.2d 52. There, a March 23, 1982 medical report from the claimant's attending physician to the claimant's self-insured employer indicated that a necrotic condition had arisen from claimant's industrial injury and prevented work through May 3, 1982. The employer responded with a May 4, 1982 letter refusing temporary total disability compensation payment since necrosis was not an allowed condition.

The claimant, on June 23, 1983, asked the commission to allow the necrotic condition. After the condition was formally recognized, claimant, on May 15, 1985, filed another motion, this time requesting temporary total disability compensation from March 16, 1982 through August 15, 1985. The employer opposed the motion, arguing that under R.C. 4123.52's two-year statute of limitations, compensation could be ordered only for the period after May 15, 1983—two years prior to claimant's motion for temporary total disability compensation. The commission granted claimant's motion and ordered compensation for the period beginning March 16, 1982. To do this, the commission construed claimant's June 23, 1983 application for allowance of an additional condition as an application for compensation.

We upheld that decision, rejecting the employer's claim that only those motions expressly requesting compensation could be considered applications for compensation within the meaning of R.C. 4123.52. We wrote:

"R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The

character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application." *Id.,* 44 Ohio St.3d at 83, 541 N.E.2d at 54.

We stressed that claimant's application for allowance of an additional condition was accompanied by medical proof of a work-prohibitive disability. The employer's May 4, 1982 letter, moreover, treated claimant's motion as one requesting compensation, since the employer specifically stated that no temporary total disability compensation would be paid. It was this denial, we observed, "that gave rise to the June 23, 1983 motion. The motion, in effect, sought allowance of the refused compensation. Put in perspective, if appellant had considered necrosis as an allowed condition, the result would have been the payment of compensation for the condition and the June 23, 1983 motion would not have been necessary. Thus it appears obvious * * * that the parties treated the application for allowance of the additional condition as an application for an additional award of compensation." *Id.,* 44 Ohio St.3d at 84, 541 N.E.2d at 54–55.

Appellant argues that *Gen. Refractories* is indistinguishable from this case. We disagree. *Gen. Refractories* is based on the perception that the employer, despite the lack of a direct request for temporary total disability compensation, knew that the claimant was seeking compensation as well as an additional allowance. While this conclusion was supported in *Gen. Refractories,* in this case it is not.

Most significant in *Gen. Refractories* was the employer's May 4, 1982 letter denying temporary total disability compensation. The employer obviously perceived claimant's March 23, 1982 letter as a compensation request or it would not have responded as it did. Here, Ford gave no indication that it considered claimant's application for allowance of an additional condition to include a request for compensation.

Second, claimant's initial letter in *Gen. Refractories* was accompanied by medical evidence of temporary total disability. This, too, is missing here. Dr. Bauer's report indicated at most that prospects for improvement were "guarded." Nothing indicated that the newly sought condition was, at that point, disabling.

Finally, in the earlier case, the proximity of claimant's last date worked to the letter and evidence in question strongly suggested that the letter stemmed from a desire for disability compensation. In *Gen. Refractories,* claimant's last date worked was March 16, 1982. One week later, claimant submitted evidence of an inability to work caused by a work-related accident. It was thus reasonable to presume that the employer knew that compensation was being sought. Here, however, there were fifteen months between appellant's

last date worked and her motion for allowance of an additional condition. Given appellant's delay, we decline to impute knowledge of temporary total disability to Ford.

Admittedly, R.C. 4123.95 requires liberal construction in appellant's favor of R.C. 4123.52's "application" for "compensation." Liberal construction, however, is not limitless and merely because appellant belatedly says that she intended her initial motion to be an application for compensation does not, under these facts, make it one.

Appellant alternately challenges R.C. 4123.52's applicability, pointing instead to R.C. 4123.84. R.C. 4123.84(A) states:

"In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]"

Appellant reasons that where an application for allowance of an additional condition is made within two years of the date of injury, as hers was, R.C. 4123.52's limitation of actions does not apply. Appellant, however, ignores that the next to last paragraph of R.C. 4123.84 specifically applies R.C. 4123.52 to all injury claims made pursuant to R.C. 4123.84(A)(1).

Accordingly, we find that R.C. 4123.52 bars compensation for temporary total disability for the period prior to March 20, 1982.

The commission also declared appellant's condition to be permanent as of August 20, 1987, which, under *State ex rel. Ramirez v. Indus. Comm.* (1982), 69 Ohio St.2d 630, 23 O.O.3d 518, 433 N.E.2d 586, warranted termination of temporary total disability compensation. However, pursuant to then-existing commission policy, temporary total disability compensation was continued pending determination of claimant's application for permanent total disability compensation.

*State ex rel. Eaton Corp. v. Lancaster* (1988), 40 Ohio St.3d 404, 534 N.E.2d 46, invalidated that policy. It also ordered the commission to vacate four orders that had extended temporary total disability compensation despite a finding of permanency, and ordered the commission to make a determination in accordance with *Eaton*. *Eaton*, however, recognized that the commission had promulgated its policy in response to the lengthy delay, common at that time, in processing applications for permanent total disability compensation. We cited this as justification for declaring our holding to be prospective only and refusing to order the commission to terminate the temporary total

disability compensation of all claimants then receiving compensation under the invalidated policy. *Id.,* 40 Ohio St.3d at 408, 534 N.E.2d at 51.

Almost four years have passed since our decision in *Eaton,* and there is no evidence presently before us which indicates that the timeliness concerns, so relevant then, still exist. We thus find it unnecessary now to allow temporary total compensation to continue despite a finding of permanency.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.