I must respectfully dissent from the opinion of the majority for the following reasons.
Before turning to the merits of the assigned error, I will briefly recite those facts that are uncontroverted and demonstrated by the record. Ordinarily, it is not necessary to restate the facts of a case in a dissenting opinion, but I believe that this appeal turns on the specific dates of certain actions.
On October 4, 1985, appellant injured his lower back during the course of his employment at a motor freight company. Following this, he filed a claim with the Bureau of Workers' Compensation ("the Bureau"). The Bureau ultimately allowed payment on the claim for dislocated sacrum, hip, and lumbar vertebrae, lumbosacral sprain, lumbago, lumbar disc displacement, and lumbosacral degenerative disc disease. Although appellant received payment for medical bills relating to these injuries, he neither requested nor received any disability compensation.
Almost six years later, appellant sought authorization from the Bureau for back surgery and accompanying hospitalization. In a letter dated September 4, 1991, the Bureau authorized appellant to undergo the surgical procedure with an admission date of September 6, 1991 and a length of stay in the hospital of four days. Appellant then underwent the surgery. Thereafter, in a letter dated September 16, 1991, the Bureau amended its prior authorization to allow six days of hospitalization following the surgery. The Bureau paid the medical and hospitalization expenses associated with the back surgery.
On October 16, 1991, appellant filed a C-1 application with the Bureau. A C-1 application can be used to apply for both medical benefits and lost time compensation. Appellant's C-1 filing, however, was nonspecific as to what he was applying for. Appellant subsequently filed a C-86 motion with the Bureau on December 13, 1991 requesting that his original claim be amended to include an additional allowance for "herniated disc L4-5" and that he be paid temporary total disability compensation retroactive to August 30, 1991. The purpose of the temporary total disability compensation was to compensate appellant for wages lost while he recuperated from the back surgery.
The matter was referred to a district hearing officer of the Industrial Commission ("the Commission") who determined that she had no jurisdiction under R.C. 4123.52 to adjudicate either the C-1 application or the C-86 motion. The lack of jurisdiction was based on the fact that appellant received no disability compensation or wages in lieu of compensation during the six-year period from the date of the injury on October 4, 1985 through October 4, 1991. A regional board of review affirmed the district hearing officer's order in all respects. Finally, in an order dated July 17, 1992, the Commission refused the appeal.
Appellant instituted an administrative appeal in the Trumbull County Court of Common Pleas. Appellant and appellees stipulated to the facts underlying the appeal. The only issue before the common pleas court, therefore, was a question of law concerning whether the Commission had jurisdiction to adjudicate appellant's request for disability compensation.
On July 23, 1997, the common pleas court granted summary judgment for appellees. In doing so, the court concluded that appellant's request for temporary total disability compensation was filed after the six-year statute of limitations governing his original claim expired on October 4, 1991. From this decision, appellant filed a timely appeal with this court.
For purposes of this appeal, the relevant version of R.C.4123.52 read in part as follows:
 "The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion[,] is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation * * *."
R.C. 4123.52 establishes the Commission's continuing jurisdiction over a given claim. In order to be entitled to additional compensation for a previously allowed claim, a claimant must timely invoke the continuing jurisdiction of the Commission.
The various time periods set forth in R.C. 4123.52 operate as statutes of limitations. The failure to apply for modification of an award within the prescribed time period causes the claimant to lose any right to receive additional benefits. In other words, once the applicable time period has expired, the Commission lacks the authority to make any further finding, award, or order with respect to a claim.
Under the version of R.C. 4123.52 applicable to the instant case, the Commission could exercise continuing jurisdiction over a given claim for six years, unless the claimant received compensation under R.C. 4123.56, 4123.57, or 4123.58, or wages in lieu of compensation under R.C. 4123.84. If the claimant received disability compensation or wages in lieu of compensation, then the six-year statute of limitations was tolled, and the Commission retained continuing jurisdiction over the claim for ten years from the date of the last payment of compensation.
Thus, the Commission had continuing jurisdiction over a medical-expense-only claim for six years commencing from the date of injury. The only way to toll the statute of limitations was for the claimant to have received compensation under R.C. 4123.56,4123.57, or 4123.58, or wages in lieu of compensation under R.C.4123.84 within the six-year period following the allowance of the original claim.
In the case sub judice, the date of appellant's injury was October 4, 1985. As a result, the six-year statute of limitations expired on October 4, 1991 unless appellant properly invoked the continuing jurisdiction of the Commission as mandated by R.C.4123.52. It is uncontroverted that appellant never received disability compensation or wages in lieu of compensation during this six-year interval. Appellant conceded as much before both the common pleas court and this court.
The question that arises is whether appellant made an application for temporary total disability compensation by October 4, 1991. No formal application was initiated until October 16, 1991. Nevertheless, appellant argues that he made an informal application for disability benefits in September 1991.
Specifically, appellant maintains that he was, in effect, applying for disability benefits when he sought authorization from the Bureau for the back surgery and ensuing hospitalization. According to appellant, this action met the requirement of an application under R.C. 4123.52. Appellant further contends that once the Bureau authorized the surgical procedure and six-day hospital stay, it was implicitly acknowledging that appellant would be disabled for a period of time, thereby entitling him to temporary total disability compensation.
Appellant cites State ex rel. Gen. Refractories Co. v. Indus.Comm. (1989), 44 Ohio St.3d 82, as lending credence to the position that his contact with the Bureau regarding authorization for the surgical procedure constituted an application for disability compensation under R.C. 4123.52. In Gen. Refractories, the claimant's attending physician submitted a medical report to the claimant's self-insured employer on March 23, 1982. The report indicated that a necrotic condition had arisen from the claimant's industrial injury which would prevent him from returning to work until at least May 3, 1982. The employer responded on May 4, 1982 with a letter stating that it was unable to pay temporary total disability compensation since necrosis was a nonallowed condition.
On June 23, 1983, the claimant filed a motion with the Commission asking it to allow the condition. The condition was ultimately recognized, and the claim was allowed. Thereafter, on May 15, 1985, the claimant filed another motion with the Commission requesting that he be awarded temporary total disability compensation for the period from March 16, 1982 through August 15, 1985. The employer opposed the motion on the ground that the two-year statute of limitations in R.C. 4123.52
limited the claimant to compensation for a back period of two years running from May 15, 1983 to May 15, 1985. The Commission, however, allowed compensation extending back to March 16, 1982 by construing the claimant's June 23, 1983 application for the allowance of the additional condition as an application for disability compensation.
On appeal, the Supreme Court upheld that decision. In doing so, the court observed:
 "R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application." (Citation omitted.) Gen. Refractories, 44 Ohio St.3d at 83.
The facts giving rise to the court's holding in Gen.Refractories, however, are clearly distinguishable from the facts at bar. The most significant aspect of Gen. Refractories was the employer's May 4, 1982 letter stating that it was unable to pay temporary total disability compensation to the claimant because necrosis was not an allowed condition. The employer clearly perceived the claimant's submission of his physician's report as a request for disability compensation; otherwise, it would not have notified the claimant that he was not eligible for such benefits.
In the case sub judice, there are no analogous facts to indicate that the Bureau considered appellant's request for surgical authorization to include a request for disability compensation. Indeed, the two letters from the Bureau to appellant in September 1991 included the following language:
 "The Ohio Bureau of Workers' Compensation reviewed your physician's request for hospitalization based on the medical information provided. This review considers the relationship of the admission to the allowance(s) in your industrial claim and the medical necessity of the admission.
 "Based on this review, approval is granted * * *. Please be advised that this approval is limited to the procedure and length of stay listed." (Emphasis added.)
This language only manifests a clear intent on the part of the Bureau to authorize the payment of medical expenses associated with the surgical procedure. It does not indicate any acknowledgment by the Bureau that appellant was also applying for disability compensation.
In State ex rel. Ford Motor Co. v. Indus. Comm. (1992), 65 Ohio St.3d 17, the Supreme Court of Ohio considered whether the appellant's motion for the allowance of an additional condition should be construed as an R.C. 4123.52 application for disability compensation, thereby permitting the payment of benefits for the period in question. The court rejected such an interpretation and, in doing so, made the following observations regarding the limited holding of Gen. Refractories:
 "Appellant argues that Gen. Refractories
is indistinguishable from this case. We disagree. Gen. Refractories is based on the perception that the employer, despite the lack of a direct request for temporary total disability compensation, knew that the claimant was seeking compensation as well as an additional allowance. While this conclusion was supported in Gen. Refractories, in this case it is not.
 "Most significant in Gen. Refractories
was the employer's May 4, 1982 letter denying temporary total disability compensation. The employer obviously perceived claimant's March 23, 1982 letter as a compensation request or it would not have responded as it did. Here, Ford gave no indication that it considered claimant's application for allowance of an additional condition to include a request for compensation." Ford Motor, 65 Ohio St.3d at 20.
I agree with appellant that R.C. 4123.52 does not expressly state how an application for compensation must be made. In light of Gen. Refractories and Ford Motor, however, it is clear that the Supreme Court of Ohio has set forth the precedent mandating that a request should be characterized by the nature of the relief sought and the manner in which the parties treated the request.
As for the nature of the relief sought in the present case, there is nothing in the record to suggest that appellant was seeking temporary total disability compensation when he contacted the Bureau in September 1991. Rather, appellant only sought the approval of the Bureau to undergo the back surgery. Moreover, there is nothing to indicate that either of the parties treated the September 1991 correspondence as an application for disability benefits. Rather, these letters reflect the fact that the Bureau was only authorizing the payment of those medical expenses associated with the surgery and hospitalization. There is nothing in these documents to suggest that the Bureau was acknowledging any broader request beyond the receipt of an application for disability benefits.
Although R.C. 4123.95 requires this court to construe R.C.4123.52 liberally in appellant's favor, such an expansive construction is not limitless. Ford Motor, 65 Ohio St.3d at 21. In this context, to construe liberally means to interpret clearly established facts in a manner favorable to the claimant; however, a court may not create facts that are not in existence. Even under a liberal construction of R.C. 4123.52, this court is not free to find an intent to apply for disability compensation within the six-year statute of limitations when such intent is not evidenced by the documents in the record.
In this appeal, appellant is effectively asking this court to overlook the fact that he did not file for the allowance of an additional condition and corresponding lost-time compensation until after the statutory period for such filings had elapsed. To do otherwise, according to appellant, would unfairly bar him from receiving temporary total disability compensation for the time he was unable to work following the back surgery.
While such a result may be inequitable from appellant's perspective, this court is bound by the statutory mandate of R.C.4123.52. The failure to file an express application for disability compensation, or a written notice that was treated as such by the Bureau, within the prescribed time period results in the loss of any right to additional benefits.
After October 4, 1991, appellant was time-barred from moving the Bureau to modify its prior award with respect to appellant's original claim arising from the October 4, 1985 workplace injury. Appellant did not file his C-1 application until October 16, 1991. Moreover, it was not until appellant filed his C-86 motion on December 13, 1991 that he specifically requested that his original claim be amended to include an additional allowance for "herniated disc L4-5" and that he be paid temporary total disability compensation.
It is uncontroverted that appellant never received compensation under R.C. 4123.56, 4123.57, or 4123.58, or wages in lieu of compensation under R.C. 4123.84 during the six-year period following the allowance of his original claim. Therefore, appellant's claim was dead by operation of law on October 4, 1991, and the Commission was without continuing jurisdiction to adjudicate appellant's filings after that date.
Upon viewing the evidence in a light most favorable to appellant as the nonmoving party, I conclude that he failed to apply for disability compensation within the time frame allowed under R.C. 4123.52. Appellees, therefore, were entitled to judgment as a matter of law. Accordingly, I would affirm the judgment of the common pleas court. ____________________________ JUDGE JUDITH A. CHRISTLEY