DECISION
{¶ 1} In this original action, relator, Angela M. Fooce, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it holds that relator's December 16, 2003 C-86 motion is the "application" from which R.C. 4123.52's two-year retrospective limitation is to be measured in the adjustment of paid compensation subsequent to the resetting of relator's average weekly wage ("AWW"). Relator also seeks a writ directing the commission to enter an amended order holding that a document filed at the Ohio Bureau of Workers' Compensation on September 24, 2001 is the "application" that triggers R.C. 4123.52's two-year limitation, which would extend the retroactive applicability of her AWW to September 24, 1999.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate, who subsequently heard the parties' arguments. On March 31, 2005, the magistrate issued his decision, including supportive findings of fact and conclusions of law. (Attached as Appendix A.) Therein, the magistrate recommended that this court deny relator's request for a writ of mandamus. No objections to the magistrate's decision have been filed.
 {¶ 3} Following an independent review of this matter pursuant to Civ.R. 53, we find that the magistrate properly determined the pertinent facts and applied the appropriate law to those facts. Consequently, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accord with the magistrate's recommendation and decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
Sadler and Bowman, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Angela M. Fooce, : Relator, : v. : No. 04AP-1026 Industrial Commission of Ohio and : (REGULAR CALENDAR) Rehab Corrections Women's : Reformatory, : Respondents. :
 MAGISTRATE'S DECISION Rendered on March 31, 2005 Agee, Clymer, Mitchell Laret, and Robert M. Robinson, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Lisa R. Miller and Lee M. Smith, Special Counsel for respondent Rehab Corrections, Women's Reformatory.
 IN MANDAMUS {¶ 4} In this original action, relator, Angela M. Fooce, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order to the extent that it holds that relator's December 16, 2003 C-86 motion is the "application" from which R.C. 4123.52's two-year retrospective limitation is to be measured in the adjustment of paid compensation necessitated by the resetting of relator's average weekly wage ("AWW"), and to enter an amended order holding that a document filed at the Ohio Bureau of Workers' Compensation ("bureau") on September 24, 2001, is the "application" that triggers R.C. 4123.52's two-year limitation.
Findings of Fact:
 {¶ 5} 1. On June 24, 1999, relator sustained an industrial injury while employed with the Ohio Department of Rehabilitation and Correction ("ODRC"). Her state-fund claim is assigned claim number 99-442895.
 {¶ 6} 2. The record contains a C-94-A wage statement with an attached computer printout listing biweekly wages paid by ODRC beginning January 1999. The printout contains a handwritten notation stating that relator was hired by ODRC on January 4, 1999.
 {¶ 7} Both the C-94-A form and the attachment contain what appears to be a perforated marking of the bureau stating "REC'D 10.12.99 BWC." Above the line for "Employer's Signature," the C-94-A contains the signature of "Christy Webb."
 {¶ 8} 3. The record contains a single page document that appears to be a xerographic copy of two separate documents. (See Stipulated Record at 5.) The document on the bottom of this single page document is dated September 25, 2001, and appears to be an internal bureau memorandum to the file. This bureau memorandum of September 25, 2001, states: "I sent letter[s] to both employer[s] the [injured worker] worked for in 1998 to get a break down of the wages on a C94A., Clovis D."
 {¶ 9} The document on the top of the single page document contains relator's wages earned from two employers during 1998. The document indicates that relator received $727.07 in wages from "Weisheimer Co. Inc.," and $15,024 in wages from "Midwest Auto Body Panels Inc." The 1998 yearly total is $15,751.07. In the space below this document, there is a handwritten notation: "Angela M. Fooce — Cl # 99-442895. Additional Year Prior Wages."
 {¶ 10} There is no indication as to the source of the handwritten notation. Clearly, there is no indication that the handwritten notation was produced by relator or relator's counsel. Presumably, the handwritten notation is that of a bureau employee.
 {¶ 11} The single page document appearing to be a xerographic copy of two separate documents, as described above, contains what appears to be a perforated marking of the bureau, stating: "BWC 09.24.01 CSON."
 {¶ 12} 4. On December 16, 2003, relator, through counsel, filed a motion on form C-86. The motion states:
The claimant respectfully requests that her average weekly wage be adjusted ro [sic] $410.92 and that all previously awarded compensation at the prior rate be upwardly adjusted. Additionally, the claimant respectfully requests that this request affect all compensation awarded after 9.24.99 [sic] since the Bureau had in it's [sic] possession, additional wages for the year prior and did not act to adjust the average weekly wage.
 {¶ 13} 5. In support of the December 16, 2003 motion, relator's counsel submitted a memorandum in which he argued that AWW should be set at $410.92 based on wage information already on file with the bureau. The memorandum further argues:
Lastly, is the claimant's opinion that the Bureau had these wages and she should not be penalized by the two year limitation since the Bureau was aware of these wages and did not act upon getting these upwardly adjusted to the detriment of the claimant.
 {¶ 14} 6. Following a February 20, 2004 hearing, a district hearing officer ("DHO") issued an order setting AWW at $410.92. The order further states:
Past compensation for the 2-year period preceding the claimant's 12/16/2003 C-86 Application shall be adjusted in accordance with the new average weekly wage.
This order is based on the wage information in file, Revised Code 4123.52 and Industrial Commission Hearing Officer Manual Policy No. 5.2.
The District Hearing Officer has reviewed the Cobble andDrone decisions submitted by claimant's counsel and concludes that compensation is only adjustable for the 2-year period preceding the claimant's C-86 Application.
 {¶ 15} 7. Relator administratively appealed the DHO order of February 20, 2004.
 {¶ 16} 8. Following an April 8, 2004 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO order. The SHO's order further states:
As the District Hearing Officer indicated past compensation for a two-year period prior to the 12/16/2003 C-86 application is to be adjusted based on this new average weekly wage pursuant to Revised Code 4123.52 and the Hearing Officer Manual.
The Staff Hearing Officer agrees with the District Hearing Officer in that after reviewing the Cobble and Drove [sic] decisions it is ruled that the adjustment of the compensation is still limited to two years prior to the date of the C-86 motion, 12/16/2003. Further, the Staff Hearing Officer rules that the 09/24/2001 submission of wages to the BWC by the claimant does not alter the limitation of wage adjustment to two years prior to 12/16/2003 based on the fact that the claimant did file a formalapplication for average weekly wage adjustment on 12/16/2003.
(Emphasis sic.)
 {¶ 17} 9. On October 1, 2004, relator, Angela M. Fooce, filed this mandamus action.
Conclusions of Law:
 {¶ 18} The issue before the commission was whether, within the meaning of R.C. 4123.52, relator filed an "application" to adjust her AWW on December 16, 2003, the date her counsel filed the C-86 motion, or on September 24, 2001, the filing date marked on the document in question. The commission determined that the R.C. 4123.52 "application" was filed on December 16, 2003, not on September 24, 2001, and thus ordered an adjustment of compensation paid during the two years prior to December 16, 2003.
 {¶ 19} The magistrate finds that the commission properly held that December 16, 2003 is the date of the R.C. 4123.52
application from which the two-year limitation period is to be measured. Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 20} R.C. 4123.52 states in part: "[T]he commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor."
 {¶ 21} There are several cases in which the court had to determine when the application for compensation was filed in applying R.C. 4123.52. In State ex rel. General Refractories Co.v. Indus. Comm. (1989), 44 Ohio St.3d 82, it was held that the application for compensation was filed on the date that the claimant filed an application for an additional claim allowance because the parties understood that, at the time the application was filed, the claimant intended to ultimately seek temporary total disability compensation. The General Refractories court stated:
* * * R.C. 4123.52 does not state how an application for compensation must be made. The fact that the application in question did not expressly request compensation is not conclusive of whether it was for compensation. The character of the application is to be determined not only from its contents, but also from the nature of the relief sought and how the parties treated the application. * * * This view accords with statutory dictates and this court's long-established position of giving a liberal interpretation to the Workers' Compensation Act in favor of the injured worker. R.C. 4123.95. * * *
Id. at 83-84.
 {¶ 22} In State ex rel. Ford Motor Co. v. Indus. Comm.
(1992), 65 Ohio St.3d 17, and State ex rel. Garrett v. Indus.Comm., 96 Ohio St.3d 60, 2002-Ohio 3533, the court applied the holding in General Refractories. However, in those two cases, the court found that the claim allowance motions did not constitute applications for temporary total disability compensation.
 {¶ 23} In State ex rel. Drone v. Indus. Comm. (2001),93 Ohio St.3d 151, it was held that R.C. 4123.52's two-year statute of limitations was never triggered and, thus, the statute did not bar the retroactive adjustment of compensation that arose when the bureau, on its own, discovered an error in its calculation of compensation. In Drone, the claimant did not file an application for an adjustment of compensation, nor did she bring the error to the bureau's attention. The bureau sua sponte issued an order adjusting compensation, but limited the adjustment to compensation paid for the two-year period prior to the date it had discovered the error. The claimant, in Drone, filed an objection to the bureau's order. The commission, through its SHO, treated the objection as an "application," and thus applied R.C.4123.52 to bar an adjustment of compensation for a back period in excess of two years prior to the claimant's filing of the objection.
 {¶ 24} The Drone court rejected the commission's argument that the claimant's objection constituted the R.C. 4123.52
"application." In holding that the commission abused its discretion by applying R.C. 4123.52, the Drone court explained: "Because the statute of limitations in R.C. 4123.52 requires an application to trigger it and nothing satisfies Gen.Refractories' outline of an application, then the statute of limitations has not been invoked." Id. at 155.
 {¶ 25} Recently, in State ex rel. Adams v. Aluchem, Inc.,104 Ohio St.3d 640, 2004-Ohio-6891, the court, citing Drone,
again recognized that the statute of limitations in R.C. 4123.52
requires the filing of an application to trigger it.
 {¶ 26} Here, unlike Drone or Adams, relator does not claim that the statute of limitations in R.C. 4123.52 was never triggered. What relator argues is that the statute of limitations was triggered on September 24, 2001, by virtue of the filing of the document in question which relator claims to be an "application" within the meaning of R.C. 4123.52.
 {¶ 27} It is difficult for this magistrate to see how it can be claimed that the document in question, filed September 24, 2001, can be viewed as an "application."
 {¶ 28} Black's Law Dictionary (8th Ed. 2004) 108, defines application as "[a] request or petition." The same dictionary defines the verb "apply" as "[t]o make a formal request or motion."
 {¶ 29} The document in question filed on September 24, 2001, on its face, does not request, move, or petition for anything; nor does the document even purport to have originated from relator or her counsel. The document at best purports to be an internal bureau memorandum on the bottom of the page while the top of the page presents data regarding relator's employment in 1998; nor is there any evidence that the bureau treated the document in question as an application.
 {¶ 30} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.